IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

HIAWATHA TIBBS

    Petitioner,

vs.                                                                Case No. 3:10cv404/WS/EMT

STATE OF FLORIDA,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

        Petitioner Hiawatha Tibbs ("Tibbs"), proceeding pro se, has filed a petition for Writ of Error Coram Nobis pursuant to 28 U.S.C. § 1651 (Doc 1). The petition was originally filed in the United States District Court for the Southern District of Florida; it was transferred to this forum pursuant to 28 U.S.C. § 1631 (*see* Docs. 4, 8, 9). The matter has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). For the reasons outlined below, the undersigned recommends that the petition be dismissed prior to service.

        Tibbs is a federal prisoner now serving a term of imprisonment imposed by the Honorable Lacey Collier in Case No. 3:91cr30367/LAC. Tibbs is confined at FCI Williamsburg in South Carolina (Doc. 1 at 10). Tibbs asserts that the instant petition is an attack on a state conviction entered in Dade County, Florida, for the sale of cocaine in "Case No. 86-13798"—a conviction that evidently was used to enhance his current federal sentence. According to Tibbs, his challenge is not a habeas corpus petition pursuant to 28 U.S.C. § 2254 nor a motion to vacate pursuant to 28 U.S.C. § 2255. Petitioner apparently presents his challenge as a petition for writ of coram nobis because

he contends "he [is not] the person convicted for case no: 86-13798 . . ." (Doc. 1 at 10), and thus is innocent of the charge, and he has no other means of obtaining relief.

In criminal matters, federal courts have the authority to issue a writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651(a). United States v. Mills, 221 F.3d 1201, 1203 (11th Cir. 2000). "The bar for coram nobis relief is high," and the writ may issue only when (1) "there is and was no other available avenue of relief" and (2) "the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000) (quotations omitted). Coram nobis relief is unavailable to a person who is in custody because he has access to the statutory remedies of 28 U.S.C. § 2255. United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997).

First, because it is clear that Tibbs remains in custody, coram nobis relief is unavailable to him. Second, the court will not construe Tibbs' coram nobis petition as a motion for relief under § 2255 because he has previously filed numerous unsuccessful § 2255 motions,[1] and he does not allege and has not shown that he has obtained leave under 28 U.S.C. § 2244(b)(3)(A) to file a second or successive motion. See United States v. Garcia, 181 F.3d 1274, 1274–75 (11th Cir. 1999).

Based on the foregoing, it is respectfully **RECOMMENDED**:

That the petition for writ of coram nobis (Doc. 1) be **DENIED** and this case be **CLOSED**.

At Pensacola, Florida, this 19th day of October 2010.

          /s/ *Elizabeth M. Timothy*
          **ELIZABETH M. TIMOTHY**
          **UNITED STATES MAGISTRATE JUDGE**

---

[1] Indeed, Tibbs is no stranger to this court, having filed at least seven prior motions pursuant to § 2255 in Case No. 3:91cr30367/LAC. One of those motions was granted. See Doc. 63 (report and recommendation ("R & R")) and Doc. 66 (order adopting). Six of the motions have been denied. See Doc. 106 (R & R) and Doc. 108 (order adopting); Doc. 110 (R & R) and Doc. 113 (order adopting); Doc. 115 (R & R) and 117 (order adopting); Doc. 174 (R & R) and 177 (order adopting); Doc. 320 (R & R) and 330 (order adopting); and Doc. 323 (R & R) and 327 (order adopting).

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**